**Affirmed and Memorandum Opinion filed January 31, 2023.**



In The

# Fourteenth Court of Appeals

## NO. 14-22-00023-CV

**ERNESTO BARRIENTES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 209th District Court
Harris County, Texas
Trial Court Cause No. 1371945-0101Z**

## MEMORANDUM OPINION

After a jury found appellant Ernesto Barrientes to be a sexually violent predator under Health and Safety Code chapter 841, the trial court signed a final order civilly committing Barrientes for treatment and supervision by the Texas Civil Commitment Office. Tex. Health & Safety Code Ann. §§ 841.003 (defining "sexually violent predator"), .081 (civil commitment). In two issues, Barrientes challenges the legal and factual sufficiency of the evidence supporting the trial

court's determination that he is a sexually violent predator.[1] Tex. Health & Safety Code Ann. §§ 841.062, .146(b). We affirm.

## I.    BACKGROUND

The evidence at trial showed that Barrientes was convicted of three offenses qualifying as "sexually violent offenses" under Health and Safety Code chapter 841.[2] Specifically, records admitted at trial show: (1) a 2005 conviction for indecency with a child, for which Barrientes was sentenced to two-years imprisonment; (2) a 2008 conviction for attempted indecency with a child, for which Barrientes was sentenced to three-years imprisonment; and (3) a 2014 conviction for indecency with a child, for which Barrientes was sentenced to nine-years imprisonment. *See* Tex. Health & Safety Code Ann. § 841.002(8)(A), (E) (defining sexually violent offense to include indecency with child and attempted indecency with child) (citing Tex. Penal Code Ann. § 21.11(a)(1)); *see also* Tex. Penal Code Ann. § 15.01(a) (criminal attempt). Barrientes admitted at trial that he committed the offenses.

The jury also heard the testimony of expert witness Dr. Christine Reed, who opined that Barrientes suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence, a required showing under chapter

---

[1] The district court signed a certification of defendant's right of appeal, which was unnecessary as the commitment of a sexually violent predator is a civil proceeding. *See* Tex. R. App. P. 25.2(a)(2), (d) (requiring certification of defendant's right of appeal in criminal appeals). Similar to a criminal judge and sentence, the district court also signed a separate judgment and an order of commitment, which we will treat as the commitment order required by statute. Tex. Health & Safety Code Ann. § 841.081(a).

[2] As relevant here, a person is a "repeat sexually violent offender" for purposes of chapter 841 if he "is convicted of more than one sexually violent offense and a sentence is imposed for at least one of the offenses." Tex. Health & Safety Code Ann. § 841.003(b). "Sexually violent offense" is defined in the statute to include certain enumerated offenses under the Penal Code, as well as offenses with substantially similar elements under prior state law or the law of other jurisdictions. Tex. Health & Safety Code Ann. § 841.002(8).

841. *See* Tex. Health & Safety Code Ann. § 841.003(a). Reed testified that she received a Ph.D. in clinical psychology and had been a licensed psychologist in Texas and California for approximately ten years. She testified that she had conducted at least 100 sex-offender risk assessments. In forming her opinion, she reviewed a report from Barrientes's psychologist as well as Barrientes's medical records, mental-health records, criminal records, and disciplinary records. Reed also conducted an interview with Barrientes that lasted approximately three hours. She performed several assessments on Barrientes, including: "Static-99," which addresses risk factors for reoffending; "PCL-R," also known as the "Hare Psychopathy Checklist," which assesses whether the subject is a psychopath; and the "Risk of Sexual Violence Protocol," which provided Reed with a list of risk factors for her to consider in assessing Barrientes.

Reed testified to the details of Barrientes's sexually violent offenses and the ways in which they affected her analysis of whether Barrientes suffered from a behavioral abnormality. According to Reed, Barrientes's 2005 conviction resulted from an incident that occurred when Barrientes was 38 and the victim was 11 or 12. Barrientes went into the victim's room one night and rubbed her vaginal area over her clothing. The victim was not related to Barrientes, which according to Reed increased the risk that Barrientes might reoffend in the future.

A little over a year after Barrientes was released from prison, at which point he was a registered sex offender, he committed another offense. Reed opined that it was significant that Barrientes reoffended even when under the supervision associated with being a registered sex offender. For the second offense, Barrientes was 42 and his victim was 11. Barrientes touched the victim's thigh and moved toward her vaginal area with his hand, at which point she rolled over and he stopped.

3

Less than two years after he was released from prison for his second offense, Barrientes offended a third time, this time with his nine-year-old granddaughter; Barrientes was 47-years old. Barrientes touched his granddaughter's vagina underneath her clothing.

Reed testified that Barrientes told her he was drunk and/or high during each of the incidents, which Reed characterized as minimizing his behavior. Reed diagnosed Barrientes as having pedophilic disorder. Reed also diagnosed Barrientes as having antisocial personality disorder, i.e., a tendency to engage in illegal behavior or behavior that violates the rights of others. As to Barrientes's antisocial traits, Reed testified that Barrientes had engaged in criminal behavior, including convictions for drug possession and theft, and had not registered as a sex offender on at least one occasion when required to do so. Reed testified that Barrientes's sexual offenses and antisocial behaviors increased the risk that he would commit future sexually violent offenses. Barrientes's score on the Static-99 test was a 3, which Reed explained showed an average risk of committing future sexually violent offenses.

## II.   ANALYSIS

In issues 1 and 2, Barrientes argues the evidence is legally and factually insufficient to support the jury's finding that he has a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. Chapter 841 requires the State to prove beyond a reasonable doubt that a person is a sexually violent predator. Tex. Health & Safety Code Ann. § 841.062(a); *see also In re Fisher*, 164 S.W.3d 637, 639–41 (Tex. 2005). Chapter 841 defines a "sexually violent predator" as a person who (1) is a repeat sexually violent offender,[3] and

---

[3] Barrientes does not dispute that the State proved beyond a reasonable doubt that he is a repeat sexually violent offender. *See supra* § I & n.1.

4

(2) suffers from a behavioral abnormality that makes the person likely to engage in a predatory act of sexual violence. Tex. Health & Safety Code Ann. § 841.003(a). "Behavioral abnormality" means a congenital or acquired condition that, by affecting a person's emotional or volitional capacity, predisposes the person to commit a sexually violent offense, to the extent that the person becomes a menace to the health and safety of another person. Tex. Health & Safety Code Ann. § 841.002(2).

For legal-sufficiency challenges under chapter 841, we employ the standard of review applicable in criminal cases. *See In re Commitment of Stoddard*, 619 S.W.3d 665, 675 (Tex. 2020). We must view the evidence in the light most favorable to the prosecution and determine whether any rational fact-finder could have found the essential elements of the crime beyond a reasonable doubt. *Id.* (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). The Supreme Court of Texas recently clarified the distinction between legal and factual sufficiency standards of review in civil-commitment cases when, as here, the burden of proof is beyond a reasonable doubt. *See Stoddard*, 619 S.W.3d at 674–76. In both legal and factual sufficiency review, we presume the fact-finder resolved disputed evidence in favor of the finding if a reasonable fact-finder could do so, but we may not ignore undisputed facts contrary to a finding. *Id.* at 676. A distinction arises in treatment of disputed evidence that a reasonable fact-finder could not have credited in favor of a finding—we disregard such disputed evidence in a legal-sufficiency review, but we consider this disputed evidence in a factual-sufficiency review. *Id.*

Evidence is legally insufficient to support a jury finding when (1) the record discloses a complete absence of evidence of a vital fact, (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a

5

mere scintilla, or (4) the evidence establishes conclusively the opposite of a vital fact. *Gunn v. McCoy*, 554 S.W.3d 645, 658 (Tex. 2018). Evidence is factually insufficient to support a jury finding under chapter 841 when the evidence contrary to the finding is so significant in light of the entire record that the fact-finder could not have determined beyond a reasonable doubt that its finding was true. *Stoddard*, 619 S.W.3d at 668, 678.

## A. Legal sufficiency

In issue 1, Barrientes challenges the legal sufficiency of the evidence supporting the jury's finding that he suffers from a behavioral abnormality as defined by chapter 841. Tex. Health & Safety Code Ann. § 841.003(a). Barrientes bases his legal-sufficiency challenge on his contention that Reed's expert opinion was "misleading, conclusory, and speculative," and therefore was unreliable.

Opinion testimony that is wholly conclusory or speculative amounts to no evidence "because it does not tend to make the existence of a material fact 'more probable or less probable.'" *City of San Antonio v. Pollock*, 284 S.W.3d 809, 816 (Tex. 2009) (quoting *Coastal Transp. Co. v. Crown Cent. Petroleum Corp.*, 136 S.W.3d 227, 232 (Tex. 2004)). Thus, "[b]are, baseless opinions will not support a judgment even if there is no objection to their admission in evidence." *Pollock*, 284 S.W.3d at 816. "When a scientific opinion is admitted in evidence without objection, it may be considered probative evidence *even if the basis for the opinion is unreliable*." *Id.* at 818 (emphasis added). "But if no basis for the opinion is offered, or the basis offered provides no support, the opinion is merely a conclusory statement and cannot be considered probative evidence, regardless of whether there is no objection." *Id.*; *see also In re Commitment of Coles*, No. 02-21-00173-CV, 2022 WL 1496544, at *4–5 (Tex. App.—Fort Worth May 12, 2022, no pet.) (mem. op.) (applying *Pollock* to sexually-violent-predator case).

6

Barrientes did not object to Reed's expert testimony at trial on the basis that it was unreliable. Accordingly, Barrientes has waived any challenge to the reliability of the methodology, technique, or data used by Reed. *See Coastal Transp.*, 136 S.W.3d at 233 (concluding that "when a reliability challenge requires the court to evaluate the underlying methodology, technique, or foundational data used by the expert, an objection must be timely made so that the trial court has the opportunity to conduct this analysis"); *see also* Tex. R. App. P. 33.1(a). Instead, to prevail on his legal-sufficiency challenge, Barrientes must show there is no basis to support Reed's opinions. *See Pollock*, 284 S.W.3d at 817–18; *In re Commitment of Barbee*, 192 S.W.3d 835, 843 (Tex. App.—Beaumont 2006, no pet.); *Coles*, 2022 WL 1496544, at *4.

Here, Reed testified as to her qualifications as a psychologist and to the methods she used to evaluate whether Barrientes suffered from a behavioral abnormality, including reviewing his medical, mental-health, criminal, and disciplinary records, and conducting an interview with Barrientes during which she administered a number of protocols and tests. Reed testified that, based on her experience, her review of the relevant records, and her interview with Barrientes, she diagnosed Barrientes with pedophilic disorder and antisocial personality disorder. Reed testified as to numerous factors that demonstrated a risk that Barrientes would reoffend, including: Barrientes committed further sexual offenses against children within short periods of time after being released from prison for his first and second sexual offenses against children; Barrientes attributed his sexual offenses to intoxication and drug abuse, indicating that he did not take responsibility for his actions; and Barrientes had a nonsexual criminal history, including convictions for theft and drug possession, as well as other indicators of antisocial behavior. Based on her evaluation, Reed opined that Barrientes suffered

7

from a behavioral abnormality that made him likely to engage in a predatory act of sexual violence. Tex. Health & Safety Code Ann. § 841.003(a)(2).

On this record, we cannot say that Reed's opinion was wholly conclusory or speculative, which is the standard applicable when, as here, no objection is raised in the trial court as to the reliability of the expert opinion. *See Pollock*, 284 S.W.3d at 816. Rather, Reed's testimony as to her methodology and her conclusions provides some basis for her opinion that Barrientes suffers from a behavioral abnormality. *See id.* at 817–18. Accordingly, we overrule issue 1.

## B. Factual sufficiency

In issue 2, Barrientes challenges the factual sufficiency of the evidence supporting the finding that he suffers from a behavioral abnormality as contemplated by chapter 841. Tex. Health & Safety Code Ann. §§ 841.002(2), .003(a)(2). Barrientes first argues there is no proof that he suffered from a "lack of control" sufficient to support the finding of a behavioral abnormality. Barrientes, however, acknowledges that a "lack of control" is not a separate element that is required to be proven in support of a finding of behavioral abnormality. *See In re Commitment of Browning*, 113 S.W.3d 851, 863 (Tex. App.—Austin 2003, pet. denied). Moreover, there was evidence that Barrientes lacked control over his behavior, including that Barrientes reoffended within short periods of time after being released from prison following his first and second sexually violent offenses. While Barrientes contends there is "little evidence supporting a conclusion that Mr. Barrientes currently cannot control a sexual impulse to commit a violent offense," his factual-sufficiency argument does not identify any disputed or conflicting evidence on this point.

Barrientes next argues that the evidence is factually insufficient because his score on the Static-99 test placed him in the "average risk" category. As to the

Static-99 test, Reed testified that the Static-99 test was "just one piece of the puzzle" that does not capture all aspects of the likelihood to reoffend. It is the province of the jury to weigh such evidence. *See Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 761 (Tex. 2003). Moreover, even a "low-moderate" score on the Static-99 has been held not to render evidence factually insufficient if other evidence in the record supports a finding of a behavioral abnormality. *See In re Commitment of Williams*, 539 S.W.3d 429, 440 (Tex. App.—Houston [1st Dist.] 2017, no pet.).

Barrientes also argues the evidence was factually insufficient because he had no "violent convictions" or "sexual disciplinaries," and Barrientes did not assault "strangers." Again, however, it is the province of the jury to weigh such evidence against conflicting evidence, such as the fact that Barrientes twice reoffended shortly after his release from custody after his first two sexual offenses, and Reed's testimony that, when considered as a whole, Barrientes's actions demonstrated a behavioral abnormality. *See Golden Eagle Archery*, 116 S.W.3d at 761. We cannot say in this case that the conflicting evidence identified by Barrientes is so significant in light of the entire record that the fact-finder could not have determined beyond a reasonable doubt that Barrientes suffered from a behavioral abnormality under chapter 841. *See Stoddard*, 619 S.W.3d at 668, 678 (outlining standard for factual-sufficiency review).

Finally, Barrientes argues the evidence is factually insufficient because a reasonable fact-finder could not have credited Reed's testimony that "Mr. Barrientes's perceived failure to take responsibility during an interview designated as being for court consumption" is a significant risk factor. As above, however, Barrientes did not preserve any complaint regarding the basis for Reed's opinion because he did not object on reliability grounds in the trial court. *See Coastal*

9

*Transp.*, 136 S.W.3d at 233.

Concluding the evidence is factually sufficient to support the jury's finding, we overrule issue 2.

### III.  CONCLUSION

We affirm the trial court's commitment order as challenged on appeal.


/s/     Charles A. Spain
Justice

Panel consists of Justices Spain, Poissant, and Wilson.